**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JUAN ANTONIO NEVAREZ PORRAS,

      Petitioner,

v.                              No. 2:26-cv-01262-DHU-GJF

TODD BLANCHE, Attorney General of the
United States; MARKWAYNE MULLIN,
Secretary of the Department of Homeland Security;
TODD M. LYONS, Acting Director, U.S. Immigration
and Customs Enforcement; MARY DE ANDA-YBARRA,
Field Office Director, ICE El Paso Field Office; and
WARDEN, Otero County Processing Center,

      Respondents.

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Juan Antonio Nevarez Porras' *pro se* Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court **GRANTS IN PART** the Petition, and orders Respondents to provide Petitioner with a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a) within seven (7) days.

Petitioner is a native and citizen of Mexico. *Id.* at 2. He entered the United States without inspection in 2006 or on about July 1, 2014. *Id.*; Doc. 9 at 2. On November 27, 2025, Petitioner was detained by Immigration and Customs Enforcement ("ICE") in El Paso, Texas. Doc. 1 at 2; Doc. 9 at 2. He was eventually transferred to the Otero County Processing Center in Chaparral, New Mexico, where he remains detained. Doc. 1 at 2.

On January 6, 2026, Petitioner had a bond hearing, where the Immigration Judge ("IJ") denied his request for bond based on lack of jurisdiction. Doc. 9 at 2, 9.

1

On March 13, 2026, Petitioner had a second bond hearing, where the Immigration Judge ("IJ") took no action. Doc. 9 at 2, 11.

While detained, Petitioner filed an Application for Cancellation of Removal. *See* Doc. 9 at 14. On March 17, 2026, Petitioner had an individual hearing, where the IJ denied his Application. *Id.* at 13-14. The IJ, however, granted Petitioner voluntary departure. Doc. 1 at 2; Doc. 9 at 14. Petitioner timely appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which remains pending. Doc. 1 at 3.

Petitioner subsequently filed the instant Petition, challenging his continued detention without bond hearings. *Id.* at 4.[1] He requests a Writ of Habeas Corpus ordering Respondents to release him from ICE custody, or, alternatively, set a reasonable bond amount for his release. *Id.*

Respondent's position regarding Petitioner's current detention is that Petitioner is an applicant for admission under 8 U.S.C. §1225(b)(2)(A) based on the plain language of the statute. *Id.* at 2. Respondents, however, concede that this Court reached the opposite conclusion in *Requejo Roman v. Castro*, 816 F.Supp.3d 1267 (D.N.M. 2026) "on facts substantially similar to those currently before the Court." *Id.* at 3. Respondents further concede that this Court's decision in *Requejo Roman* "would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.*

---

[1] Petitioner also raises claims specific to noncitizens with final orders of removal. Specifically, Petitioner argues that, under *Zadvydas v. Davis*, 533 U.S. 278, 121 S.Ct. 2491 (2001), his detention is now prolonged, and that his removal is not reasonably foreseeable. *Id.* at 3. He also argues that he has not been provided any custody reviews. *Id.* at 4. However, Petitioner's Order of Removal is not final. Accordingly, because Petitioner's Order of Removal is not final, and because the Court is granting him relief on his bond-related claim, the Court declines to address these additional claims of error.

The INA contemplates two detention regimes for noncitizens with pending removal proceedings. The first, 8 U.S.C. § 1225, "governs the processing of noncitizens at the Nation's borders and ports of entry." *Santillan Quiroz v. Mullin*, __F.4th__, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026) (internal quotation marks and citation omitted). This includes noncitizens subject to expedited removal under § 1225(b)(1) and certain applicants seeking admission into the country under § 1225(b)(2). "[A] noncitizen is 'seeking admission' when he takes some kind of ongoing action to request lawful entry into the United States." *Santillan Quiroz*, 2026 WL 1876709, at *6. Accordingly, the "only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Id.* at *7. Section 1225 mandates detention and affords no bond hearing. *Id.* at *3. (citing §§ 1225(b)(1)(B)(ii), (b)(1)(B)(iii)(IV), and (b)(2)(A)).

The second, 8 U.S.C. § 1226(a), governs the detention of "noncitizens who entered the United States and were thereafter detained in the interior of the country." *Id.* at *5. Section 1226(a) provides eligibility for bond and noncitizens detained under this Section are, therefore, entitled to an individualized bond hearing at the outset of detention. *Id.* at *3; *Jennings v. Rodriguez*, 583 U.S. 281, 306, 138 S.Ct. 830 (2018).

Here, Petitioner entered the United States without inspection in either 2006 or 2014. Even assuming that Petitioner's entry was in 2014, he was detained by ICE over ten (10) years later in El Paso, Texas. His detention is, therefore, governed by § 1226(a). Moreover, Respondents concede that the facts here are "substantially similar" to those in *Requejo Roman*, where this Court also found that a petitioner's detention was governed by § 1226(a). 816 F.Supp.3d at 1282. Accordingly, Petitioner is entitled to a bond hearing. *See Santillan Quiroz*, 2026 WL 1876709, at *17 n. 13 (citing *Requejo Roman*, 816 F.Supp.3d at 1285). Moreover, Respondents'

misclassification of Petitioner under § 1225(b)(2)(A) and the resultant denial of a bond hearing deprived Petitioner of his due process rights. To ensure that Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. *See Requejo Roman*, 826 F.Supp.3d at 1284.

Accordingly, Petitioner's *pro se* Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner with an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order. If Petitioner does not receive such a hearing on or before Thursday, August 6, 2026, he shall be immediately released. At the bond hearing, the assigned IJ is hereby ordered to first turn to the Government, who shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community to justify continued detention. If the IJ determines that the Government has met its burden, the IJ may then turn to Petitioner for his arguments. The assigned IJ is also hereby ordered not to consider, deny bond, or otherwise rely on *Matter of Yajure Hurtado*. The entire bond hearing must also be recorded to aid the Court in reviewing any post-bond hearing motions.

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court no later than Friday, August 7, 2026, confirming whether a bond hearing was held and the result of said hearing.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE